**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

OTIS WORLDWIDE CORPORATION,

Plaintiff,

v.

LAURIE GRAY,

Defendant.

CASE NO:

**COMPLAINT**

Plaintiff Otis Worldwide Corporation ("Plaintiff or Otis"), by and through its undersigned attorneys, for its Complaint against Defendant Laurie Gray ("Defendant or Ms. Gray"), alleges as follows:

**NATURE OF ACTION**

1. This is an action for damages brought by Otis, a Delaware Corporation, against Ms. Gray, a Florida resident and former high-level and highly compensated Director who has violated the repayment obligations in the Long-Term Incentive Plan and Schedule of Terms (collectively, the "LTI Plan," or "Agreement" attached hereto as **Exhibit 1**) to which she agreed when she accepted equity awards from Otis. Ms. Gray agreed that within twelve months after her separation from Otis, if she was employed by, consulted with, or otherwise rendered services to any business entity engaging in activities competing with Otis, she would repay the value she realized from LTI awards she received from Otis over the preceding three years.

2. Otis is an international business that manufactures and maintains elevators, escalators, and moving walkways.

3. Ms. Gray was employed with Otis and/or its affiliated entities for over 25-plus years in pivotal roles. Prior to her departure from Otis, Ms. Gray worked in Florida and served as FP&A Global Digital Technologies Director.

4. Upon information and belief, prior to her resignation from Otis, Ms. Gray accepted employment with Metro Elevator Co., Inc. as Corporate Controller and also serves as Treasurer of Metro Elevator of South Florida, Inc. and Metro Elevator West Florida, Inc. (hereinafter collectively referred to as "Metro Elevator")—a competitor of Otis Elevator Company. As reflected on its website, Metro Elevator's business is dedicated to maintaining, repairing, modernizing and installing elevator systems. (**Exhibit 2**, Metro Elevator Corporate Controller Announcement; **Exhibit 3,** Secretary of State Filings; **Exhibit 4**, Website Description of Company: https://www.metro-elevator.com/about-us).

5. In her role as Corporate Controller, Ms. Gray directs corporate accounting functions and supports operational growth.

6. In accordance with the LTI Plan, on May 4, 2026, Otis sent a demand letter for repayment of the value Ms. Gray realized from her LTI awards received from Otis over the preceding 3-year period, totaling $75,434.94. However, in breach of the LTI Plan, Ms. Gray has refused to repay the forfeiture amount in accordance with the Agreement. Otis files this Complaint to recover damages resulting from Ms. Gray's breach of her contractual obligations.

## PARTIES

7. Plaintiff Otis Worldwide Corporation is a Delaware Corporation with its principal place of business located in Farmington, Connecticut. Otis Elevator Corporation is a subsidiary of Otis Worldwide Corporation.

8. Upon information and belief, Defendant Ms. Gray is an individual and a citizen of

Florida and is domiciled in Florida. Ms. Gray can be served at her home residence, located at 11851 SW Crestwood Circle, Port St. Lucie, Florida, 34987.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332 because complete diversity exists and the amount in controversy is in excess of $75,000.

10. Otis is a citizen of Delaware and Connecticut, and Ms. Gray is a citizen of Florida. Thus, complete diversity is present.

11. The amount in controversy is in excess of $75,000. As discussed in detail below, Otis seeks to recover compensatory damage, and any other damages available at law. Plaintiff's claim for compensatory damages alone is in excess of $75,000, as the amount Defendant owes Plaintiff pursuant to the LTI Plan is $75,434.94.

12. This Court has personal jurisdiction over Ms. Gray because she resides in and can be personally served in this District and because the events giving rise to this matter occurred in this District.

13. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) because the Defendant resides within the Fort Pierce Division of the Southern District of Florida and because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Fort Pierce Division of the Southern District of Florida.

## FACTUAL ALLEGATIONS

### I. Ms. Gray's Extensive Employment and Leadership History with Otis.

14. Otis is the world's leading company for elevator and escalator manufacturing, installation, and service.

15. Ms. Gray began her employment with Otis in 2000 as a Senior Financial Analysis/Supervisor.

16. Over the course of her 25-plus years working for Otis, Ms. Gray held at least eight different roles including the following: North American Manager of Accounting for Financial Reporting; North American Senior Manager for Shared Business Services; Assistant Controller for Internal Controls for the Americas; Associate Director of Financial Reporting for the Americas; and Associate Director of Regional Finance for Otis' Southern Region. Prior to resigning from Otis, Ms. Gray served as Director of FP&A for Global Digital Technologies for Otis, where she was responsible for leading Otis's financial planning, forecasting, and investments analysis for the company's enterprise-wide technology and digital initiatives. (**Exhibit 5**, LinkedIn Profile).

## II. Ms. Gray Received Benefits from Otis Elevator Company in Exchange for Agreeing to Certain Obligations.

17. During her employment with Otis, Ms. Gray received the opportunity to participate in Otis's incentive compensation plans and restricted stock units awarded to her pursuant to the LTI Plan.

18. As terms of these awards, Ms. Gray entered into an Agreement subject to the applicable LTI Plan. (Ex. 1 *generally*).

19. Among other provisions to which she agreed, as part of the 2020 LTI Plan, Ms. Gray agreed to Section 14(i) regarding Otis's "Clawback Policy":

> i. *Forfeiture Event.* Unless otherwise determined by the Committee, upon the occurrence of any of the following events, the Participant shall forfeit all of the Participant's outstanding Awards, whether vested or unvested, and shall pay the Forfeiture Amount (as defined in clause (ii) below) to the Corporation within 30 days following receipt from the Corporation of written notice from the Corporation:
>
> > d. **At any time during the 12-month period following any Termination of Service, a Participant becomes employed by, consults for or otherwise renders services to any business entity or person engaged in activities that compete with the Corporation or the business unit that employed the Participant,** unless the Participant has first obtained the written consent of the Chief Human Resources Officer or her or his delegate. For purposes of applying this provision: (x) Participant shall be deemed to have been employed by each business unit that employed the Participant within the two-year period immediately prior to the date

> of the Termination of Services, and (y) the status of a business entity or person as a competitor shall be determined by the Chief Human Resources Officer in her or his sole discretion.

(*See* Ex. 1 at pgs. 20-21) (emphasis added).

20. The LTI Plan to which Ms. Gray agreed, together with the Schedule of Terms for her Restricted Stock Unit ("RSU") Award, reiterated Ms. Gray's obligations to Otis.

21. As part of Ms. Gray's underlying LTI Plan and the Schedule of Terms related to the RSU award includes a section entitled the "Forfeiture of Award and Repayment of Realized Gains." Pursuant to that section, Ms. Gray agreed that RSUs, whether or not vested, will be immediately forfeited and that she will be obligated to repay the Company the value realized from the prior exercise of RSUs if within the twelve-months after her termination date she becomes employed by, consults for, or otherwise renders services to any business entity or person engaged in activities that compete with Otis, unless she has first obtained the consent of the Chief People Officer or her or his delegate. (*See e.g.*, Ex. 1 at pgs. 27-28).

22. As part of Ms. Gray's underlying LTI Plan, the Schedule of Terms for the 2022 RSU award also includes language acknowledging that Ms. Gray agreed "that the value of the LTIP awards is reasonable consideration for accepting such restrictions and forfeiture contingencies." (*See e.g.*, *id.* at pg. 28).

23. The "Voluntary Termination" section of the LTI Plan included as part of Ms. Gray's Schedule of Terms also made clear that if Ms. Gray voluntarily terminated her employment (other than for Retirement or a Change-in-Control Termination), she was not entitled to pro-rata vesting and would forfeit all unvested awards. (*See id.* at pg. 26).

24. In connection with the LTI award she received, Ms. Gray also electronically accepted to be bound "by the terms, conditions, and restrictions" of her LTI Plan. (**Exhibit 6**, LTIP Award Agreement). As part of her LTIP Award Agreement, Ms. Gray understood and agreed that

should she violate the terms of her LTI Plan, the related benefits she was set to receive could be forfeited or recouped. (*Id.*).

25. Ms. Gray also accepted and understood that all actions related to LTI Plan were governed by and construed in accordance with the laws of the "State of Delaware, without reference to principles of conflict of laws and, where applicable, the laws of the United States." (*Id.*).

26. Consistent with the LTI Plan, Ms. Gray received a payment totaling a realized income of $75,434.34 in connection with her exercise of her LTI award that vested over the course of the 3 years prior to the termination of her employment with Otis. (Ex. 1).

**III. Ms. Gray leaves Otis Elevator Company and Begins Working for a Competitor.**

27. Ms. Gray resigned from Otis in March 2025.

28. Shortly after her resignation with Otis, Ms. Gray began working with Metro Elevator as Corporate Controller, a competitor of Otis. She also serves as Treasurer of Metro Elevator of South Florida, Inc. and Metro Elevator West Florida, Inc. (*See* Exs. 2, 3).

29. Metro Elevator is also in the business of elevator installation, repair, and maintenance services to clients throughout the United States. (*See* Ex. 4).

30. In Metro Elevator's LinkedIn post announcing Laurie Gray's hiring, Metro Elevator notes that Ms. Gray "brings a well-rounded background across accounting, financial planning, compliance, and process improvement." (*See* Ex. 2).

31. Upon information and belief, Ms. Gray is managing and overseeing the finances for Metro Elevator nationwide.

32. On May 4, 2026, Otis made a formal demand for repayment of value realized from LTIP Award from Otis in the amount of $75,434.94.

33. Ms. Gray did not respond to Otis's formal demand.

34. Despite Defendant's obligations pursuant to the LTI Plan, Ms. Gray has not repaid Otis for the value realized over the preceding 3 years from her LTI award.

**COUNT I**
**Breach of Contract - Equity Agreement**

35. Otis re-alleges Paragraphs 1-34_ above and incorporates them as if fully set forth herein.

36. Ms. Gray entered into a valid and enforceable contract, the LTI Plan, for valuable consideration.

37. Ms. Gray had a choice to abide by the restrictive covenants contained in the LTI Plan or keep the value received from her vested award.

38. The forfeiture provision contained in the LTI Plan is valid and enforceable.

39. The forfeiture provision contained in the LTI Plan is reasonably necessary for the protection of Otis' interest in the elevator industry. Further, the provision is reasonably necessary to protect Otis' business interest and the interests of Otis' shareholders.

40. Otis has satisfied all of its obligations under the terms and conditions of the LTI Plans. All conditions precedent to this action have been performed, excused, or waived.

41. Otis and Metro Elevator are competitors and compete against each other in the elevator market throughout the country.

42. Metro Elevator is a "business entity or person engaged in activities that compete with the Corporation or the business unit that employed the Participant" and Ms. Gray became employed by them within the "twelve-month period following the Termination Date." (*See* Ex. 1 at pg. 18).

43. Pursuant to the LTI Plan, Ms. Gray received a total realized value of $75,434.94 in connection with her exercise of her award that vested over the course of the 3 years prior to the termination of her employment with Otis.

44. Despite receiving a demand from Otis on May 4, 2026, Defendant has refused to repay Otis the realized gains pursuant to the LTI Plans.

45. Otis has been damaged in the amount of $75,434.94.

46. By the acts described above, Ms. Gray has breached the LTI Plan by becoming employed by Metro Elevator, a business entity or person engaged in activities that compete with Otis within the twelve-month period following the Termination Date and not repaying "to the Company the value realized from the prior exercise of her award[]" as obligated to do so by the "Forfeiture of Award and Repayment of Realized Gains" section of the LTI Plan, as seen in Paragraph 19 of this Complaint.

**REQUESTED RELIEF**

WHEREFORE, Otis requests that the Court grant the Plaintiff compensatory damages in the amount owed by Defendant, $75,434.94, as well as any other remedies available to Plaintiff at law.

(SIGNATURES ON FOLLOWING PAGE)

DATED: July 9, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Christina F. Meddin*

Christina F. Meddin
Florida Bar No. 120489
cmeddin@seyfarth.com
Mitchell A. Robinson*
Georgia Bar No. 457665
mrobinson@seyfarth.com
Daniel P. Hart**
Georgia Bar No. 141679
dhart@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree St. NE
Suite 2500
Atlanta, GA 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

***Pro hac vice* forthcoming**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

| | |
|---|---|
| OTIS WORLDWIDE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAURIE GRAY,<br><br>Defendant. | CASE NO: |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I presented the foregoing ***COMPLAINT*** to the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Christina F. Meddin*
Christina F. Meddin